Irene SACHANKO and William Sachanko, Appellants,

v.

Joan GILL and John R. Gill, Appellees.

No. 16744.

United States Court of Appeals
Third Circuit.

Argued Dec. 19, 1967.

Decided Jan. 29, 1968.

———◆———

Jerome L. Yesko, Yesko & Marcus, Paterson, N. J., (Harvey I. Marcus, Paterson, N. J., on the brief), for appellants.

Joseph F. Faccone, Jr., Williams, Willette & Faccone, East Orange, N. J., for appellees.

Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

In this automobile accident litigation there were two cars involved, that of plaintiff Irene Sachanko, driven by her husband William and defendant John Gill's car, driven by his wife Joan. Mrs. Sachanko was seated in the front seat of her machine and her three children were in the rear. Mrs. Gill's mother-in-law was with her in the front seat and the Gill nine month old daughter was in a car seat between them. Both cars were proceeding in the same direction on Parish Drive, Wayne, New Jersey. There was evidence that the street was wet. It is undisputed that it was stop and go traffic during the critical time, caused by an accident somewhere ahead. Mrs. Sachanko did not see the Gill vehicle prior to the collision. Mr. Sachanko, the driver of his wife's machine, did not testify. Although he was seemingly in California where plaintiffs reside and medical depositions taken in that state were in evidence on behalf of Mrs. Sachanko, there was no deposition offered from Mr. Sachanko.

Mrs. Gill testified that the road was down hill in their direction just prior to the accident and that at the actual time of the collision the road was still a little down grade. She said that when she started up before the accident she was about three feet behind plaintiff's automobile; that the latter like all the other traffic was then moving and stopping; that her car was in first gear (it had a manual shift); she had moved about a length on the down grade, plaintiff's car was moving at the same time. As Mrs. Gill described it "He stopped and I stopped." The Gill machine slid approximately a half length and collided with the rear of plaintiff's car. Mrs. Gill said the impact was light. None of the Gills was injured, including the baby who had not been tied into her seat. Mr. Sachanko, the driver of the plaintiff automobile, and the three children in the rear seat were not hurt. Mrs. Sachanko claimed to have sustained injuries. Mrs. Lang, Mrs. Gill's mother-in-law, a passenger in the front seat of the Gill car, was a witness. She saw the plaintiff automobile just prior to the accident about a car length ahead of them. Asked, "What happened to the vehicle ahead of you?" She answered "They stopped suddenly." She described the contact between the two cars as "a slight bump."

There were no other fact witnesses. There was no motion on behalf of the plaintiffs for a direction of verdict in their favor. There had been a motion to dismiss plaintiffs' suit at the end of their presentation. That had been denied by the court. The defense contention of contributory negligence was withdrawn.

The judge charged the issues on the merits. He said inter alia "The accident was brought about during a collision between two cars, rear end collision. The mere fact that there was an accident and in the course of the accident someone was hurt does not mean standing alone that the plaintiffs are entitled to recover, because the burden is on the plaintiff of proving by a fair preponderance of the evidence that the defendant was negligent; that that negligence was a proximate cause of the accident." After concluding his charge he asked both counsel "Are there any exceptions to the charge?". The defense attorney said "No". The plaintiffs' attorney said "No exceptions your Honor." The jury later requested further instructions on what

constitutes negligence under the law. The court charged:

"Negligence is the violation of a duty which one person owes to another, and in this particular instance it was the duty of exercising such care in the operation of the automobile as a reasonably prudent person would exercise under the same circumstances."

A juror requested that the judge repeat the instruction which the judge did. The jury thereafter returned a verdict in favor of the remaining defendant Joan Gill (her husband had earlier been dismissed from the case on motion and without objection by the plaintiffs).

■■ Appellants argue (1) that the trial court erred in denying them a new trial. They categorically stated on their motion for a new trial that "The jury was properly instructed that it must follow the law as laid down by the court." And there was not the slightest contention that the law given the jury by the court was other than meticulously correct. The theory actually advanced for the new trial by appellants as being responsible for the verdict was "So I say that the jury was misled, your Honor, not by itself, but by some one of its members. * * * The mere fact that a jury returns a verdict doesn't mean it is sacrosanct." They now for the first time attempt to introduce into the case a part of the New Jersey Motor Vehicle Law (N.J.S. 39:4–89, N.J.S.A.) which states "The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway." Plaintiffs never charged defendants with violation of that law. As such it is no part of this appeal. The judge charged that the fundamental obligation of the two drivers to each other was "to exercise such care as a reasonably prudent person would exercise under similar circumstances. That is the key of the whole situation." As noted above, at the request of the jury he repeated that sound instruction. The jury had before it the conceded fact that the two cars were locked into a stop and go line of traffic with evidence that the road was wet and down hill in what became the collision area and that the plaintiff's car stopped short. Under all the circumstances whether the Gill driver was guilty of negligence which was a proximate cause of the accident was for the fact tribunal.

■ Appellants' other point is that the court was guilty of plain error in charging that in this cause the mere happening of an accident does not entitle plaintiff to a recovery. In line with this plaintiffs assume another first time position in asserting that "the fact pattern here lies within the protection of Res Ipsa Loquitur." The completely unnecessary statement is made that where that doctrine is applicable the jury must not be instructed "that the mere happening of an accident does not entitle plaintiff to a recovery." The undeniable situation before us is that res ipsa loquitur was never even suggested prior to this appeal and that under the evidence the court's charge that the mere happening of the accident in this case did not entitle plaintiffs to verdicts in their favor was not only right but mandatory under the trial testimony. In short the evidential circumstances of the accident presented a substantial factual problem of whether Mr. Gill was in truth guilty of negligence which was a proximate cause of the accident. It was that problem which the jury had before it and properly resolved.

The judgment of the district court will be affirmed.